AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| IVAN JACOB ZECHER | ) | Case No. |
| | ) | 3:20-mj-1212-MCR |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 31, 2020__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by a convicted felon |
| 26 U.S.C. § 5861(d) | Unlawful possession of an unregistered firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Jeffrey R. Moore, Task Force Officer, FBI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: 6/5/20

*Judge's signature*

City and state: Jacksonville, Florida    Monte C. Richardson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Jeffrey R. Moore, being duly sworn, declare and state the following:

## INTRODUCTION

1. I am a Detective with the Jacksonville Sheriff's Office ("JSO") with 23 years of experience. I am a sworn law enforcement officer, fully certified by the State of Florida Criminal Justice Standards and Training Commission. Currently, I am a Task Force Officer ("TFO") assigned to the Federal Bureau of Investigations ("FBI"), Jacksonville Division, a position I have held for over 3 years. I have extensive experience investigating threats of mass violence and have completed advanced training in the area of weapons of mass destruction, improvised explosives and explosive devices, and international terrorism. As part of my duties as a TFO, I am responsible for the investigation of violations of federal law, including federal laws related to national security. I am currently assigned to the FBI's Terrorism Squad, where my primary responsibilities include the investigation of international terrorism.

2. As a TFO, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3. I am familiar with the facts and circumstances set forth in this affidavit based on: my participation in the investigation; my experience, training, and background as a Detective and TFO; my personal observations and examination of relevant evidence; and information provided to me by other law enforcement officers

and witnesses. The information contained in this affidavit does not constitute all the facts of the investigation, and is provided for the limited purpose of establishing probable cause to believe that IVAN JACOB ZECHER has committed a violation of 18 U.S.C. § 922(g)(1), that is, being a felon in possession of a firearm, and 26 U.S.C. § 5861(d), that is, unlawful possession of an unregistered firearm.

4. Based upon my training and experience, and information I received from FBI SA Jerry Kleber, who is a certified bomb technician, I am familiar with a potential destructive device commonly referred to as a "Molotov cocktail," which typically consists of a bottle or other type of container which can hold an ignitable fluid or liquid. Once such a container is filled with an ignitable fluid or liquid, the opening of the bottle is packed with a material to be used as a wick. When the wick is ignited, the ignitable fluid or liquid within the container is designed to ignite as well. Often, the container is broken after it is thrown or dropped, which causes the ignitable liquid inside to disperse and a fire to spread.

5. 18 U.S.C. § 922(g)(1) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 924(a)(2) further provides that any person who knowingly violates 18 U.S.C. § 922(g)(1) "shall be fined as provided in this title, imprisoned not more than 10 years, or both."

6. 18 U.S.C. § 921(a)(3) provides that "[t]he term 'firearm' means . . . (D) any destructive device." "Molotov cocktails" may be classified as destructive devices under 18 U.S.C. § 921(a)(4), which states, in relevant part, "[t]he term 'destructive device' means . . . (A) any explosive, incendiary . . . (i) bomb."

7. 26 U.S.C. § 5861(d) provides that "[i]t shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5871 further provides that "[a]ny person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both."

8. Pursuant to 26 U.S.C. § 5845(a)(8), destructive devices are included within the definition of the term "firearm." "Molotov cocktails" may be classified as destructive devices under 26 U.S.C. § 5845(f), which states, in relevant part, "[t]he term 'destructive device' means . . . (1) any explosive, incendiary . . . bomb . . . and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraph[] (1). . . ."

9. I make this affidavit in support of a criminal complaint against IVAN JACOB ZECHER, that is, on or about May 31, 2020, in the Middle District of Florida, ZECHER, knowing that he had been previously convicted of a felony, knowingly possessed a firearm, that is, a destructive device, which traveled in interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1), and possessed

an unregistered firearm, that is, a destructive device, in violation of 26 U.S.C. § 5861(d).

## STATEMENT OF PROBABLE CAUSE

10. On or about May 31, 2020, crowds gathered in downtown Jacksonville, Florida, in the Middle District of Florida, to protest the recent death of George Floyd while in police custody in Minneapolis, Minnesota.

11. I have spoken to JSO Detective M. Ross regarding his observations and actions on or about May 31, 2020, when he was deployed as part of JSO's efforts to ensure a peaceful and safe demonstration. At approximately 6:30 p.m., Detective Ross observed IVAN JACOB ZECHER as part of a group of protesters standing in the middle of the intersection at Market and Forsyth Streets. Detective Ross had responded to the area after a radio call described this particular group of protesters as blocking traffic and throwing items, such as water bottles and rocks, at police officers and passing cars as they walked from the Duval County courthouse toward the JSO headquarters building. Detective Ross observed ZECHER wearing a black backpack. Via loudspeaker, JSO Assistant Chief M. Johnson lawfully ordered ZECHER and the other protesters to disperse. ZECHER and the other protesters continued to stand in the middle of the intersection, impeding the flow of traffic.

12. Detective Ross approached and verbally ordered ZECHER to leave the intersection. ZECHER refused. Therefore, Detective Ross arrested ZECHER for Unlawful Assembly, in violation of Florida State Statute ("FSS") § 870.02. Upon taking ZECHER into custody, Detective Ross removed ZECHER's backpack and

dropped it on the ground in order to secure him in flexcuffs. Detective Ross then observed an unknown red liquid leaking from ZECHER'S backpack. Detective Ross asked ZECHER about the liquid, and ZECHER advised that it was paint. Detective Ross asked ZECHER if he could search the backpack, and ZECHER verbally consented to the search. Inside the backpack, Detective Ross found, among other things: a "Patron Citronge Pineapple" liquor bottle[1] (the "Patron bottle"), containing an unknown liquid which smelled strongly of gasoline; a lighter; black balloons filled with some type of liquid; and a hatchet. Detective Ross asked ZECHER about the unknown liquid in the Patron bottle, and ZECHER replied that it was gasoline.

13.     I have seen a photograph taken by the JSO Mobile Field Force at approximately 5:57 p.m., in the vicinity of the Duval County courthouse in Jacksonville, Florida, which depicts a white male carrying a black backpack, dressed in a black t-shirt with white writing, camouflage shorts, and tan work boots. The white male is wearing a black bandanna covering his face. I have also seen a photograph of ZECHER taken after his arrest, at approximately 7:01 p.m., in which he is wearing identical clothing, with a black bandanna around his neck.

14.     ZECHER was transported to JSO Headquarters, and placed into an interview room. At approximately 7:39 p.m., FBI SA Daniel Moxley and I interviewed ZECHER. The interview was video- and audio-recorded. I advised ZECHER of his constitutional rights. ZECHER agreed to be interviewed. During

---

[1]     See Appendix A.

the interview, ZECHER admitted that the backpack was his, and stated that a black male known as "Ace" had asked ZECHER to put the Patron bottle in his backpack. ZECHER stated that he knew the Patron bottle contained gasoline because ZECHER could smell it. ZECHER stated he was a convicted felon and he was aware that he could not possess any weapons, so he had brought the hatchet, which he referred to as a "demolition hammer," in his backpack for protection. ZECHER reviewed and signed a consent form to search his cellular telephone. ZECHER was subsequently charged with violations of FSS § 870.02, Unlawful Assembly; FSS § 790.01(1), Carrying a Concealed Weapon; and FSS § 790.161(2), Making or Attempting to Make a Destructive Device with Intent to Cause Bodily Harm.

15. I have reviewed images of the Patron bottle, which states on its label that it was "Produced & Bottled in Mexico." On or about June 5, 2020, I reviewed a press release from Patron Tequila titled "Introducing Patron Citronge Pineapple," dated June 18, 2018, available at https://www.prnewswire.com/news-releases/introducing-patron-citronge-pineapple-300667677.html. The press release states that all Patron products, including Patron Citronge Pineapple, are exclusively produced in Jalisco, Mexico. Therefore, the Patron bottle would have traveled in and affected interstate or foreign commerce.

16. According to records I reviewed, on or about May 15, 2014, ZECHER pleaded guilty to and was convicted of Aggravated Assault with a Deadly Weapon, a third degree felony, punishable by up to 5 years in prison, in the Circuit Court for the

Fourth Judicial Circuit in and for Clay County, Florida (Case No. 2014-CF-000603), and was sentenced to time served and 18 months of probation. On or about June 24, 2015, ZECHER was re-sentenced in the same case to six months in jail, after admitting to having violated his probation.

17. On or about June 5, 2020, I spoke with Special Agent Certified Explosives Specialist ("SA/CES") Jesse Hooker with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and reviewed reports ATF prepared in connection with this investigation. On or about June 3, 2020, SA/CES Hooker transported the component parts of the suspected Molotov cocktail – *i.e.*, the Patron bottle itself, its cork, and a suspected flammable liquid and suspected flammable gelatinous material that were contained inside the bottle – from Jacksonville, Florida, to the ATF Forensic Science Laboratory in Atlanta, Georgia. ATF Forensic Chemist Andrew Hawkins analyzed the component parts, and made the following preliminary determinations: the liquid inside the Patron bottle was gasoline, a flammable liquid; the gelatinous material inside the bottle is polystyrene, a flammable gel; and the top of the cork was coated with polystyrene. On or about June 4, 2020, ATF Senior Explosive Enforcement Officer Kevin Miner reviewed the photographic and chemical evidence regarding the suspected Molotov cocktail, and came to the preliminary conclusion that the Patron bottle found in ZECHER's backpack – comprising a breakable glass container containing a quantity of flammable liquid, with an improvised wick made out of the cork coated in polystyrene – constitutes a Molotov cocktail, properly identified as an incendiary

bomb and destructive device within the definition of "firearm" for the purposes of 18 U.S.C. § 924(a)(4) and 26 U.S.C. § 5845(f).

18. SA/CES Hooker also informed me that, on or about June 4, 2020, he conducted a clemency search with the State of Florida Office of Executive Clemency to ascertain whether ZECHER had been granted a restoration of his civil rights, to include the right to possess a firearm. The search indicated that there was no record of ZECHER having had his rights restored. SA/CES Hooker has requested a certified copy of the clemency search from the Office of Executive Clemency.

19. I have reviewed a report by SA/CES Hooker which states that on or about June 3, 2020, SA/CES Hooker queried the National Firearms Registration and Transfer Record ("NFRTR") for any registrations by ZECHER. The results of that inquiry indicated that there was no record that ZECHER has ever lawfully registered any firearms or destructive devices which require registration under the National Firearms Act.

20. Based upon the foregoing facts, I have probable cause to believe that on or about May 31, 2020, IVAN JACOB ZECHER committed violations of 18 U.S.C. § 922(g)(1), that is, being a felon in possession of a firearm, and 26 U.S.C. § 5861(d), that is, unlawful possession of an unregistered firearm.

Jeffrey R. Moore #5737
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 5th day of June, 2020, in Jacksonville, Florida.

MONTE C. RICHARDSON
United States Magistrate Judge

## Appendix A

Picture of the Patron bottle found in ZECHER's backpack on May 31, 2020.

