FILED IN OPEN COURT
6.10.2020
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

IVAN JACOB ZECHER

CASE NO. 3:20-cr-78-J-39MCR
18 U.S.C. § 922(g)(1)
26 U.S.C. § 5861(d)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about May 31, 2020, in the Middle District of Florida, the defendant,

**IVAN JACOB ZECHER,**

knowing he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, that is, Aggravated Assault with a Deadly Weapon, on or about May 14, 2014, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a destructive device made from a Patron liquor bottle, gasoline, and polystyrene, as defined in 18 U.S.C. § 921(a)(4).

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

1

## COUNT TWO

On or about May 31, 2020, in the Middle District of Florida, the defendant,

IVAN JACOB ZECHER,

knowingly received and possessed a firearm, that is, a destructive device made from a Patron liquor bottle, gasoline, and polystyrene, as defined in 26 U.S.C. §§ 5845(a) and 5845(f), that was not then registered to the defendant in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## FORFEITURE

1. The allegations contained in Counts One and Two of this indictment are incorporated by reference for the purpose of alleging forfeiture under 18 U.S.C. § 924(d) and 26 U.S.C. § 5872 through 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

2. Upon conviction of a violation of 18 U.S.C. § 922(g)(1), the defendant, IVAN JACOB ZECHER, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm involved in the commission of the offense.

3. Upon conviction of a violation of 26 U.S.C. § 5861, the defendant, IVAN JACOB ZECHER, shall forfeit to the United States, pursuant to 26 U.S.C. 5872 and 28 U.S.C. § 2461(c), any firearm involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to

facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture or substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
David B. Mesrobian
Assistant United States Attorney

By: _____
Kelly S. Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

3

FORM OBD-34
6/9/20 Revised

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

IVAN JACOB ZECHER

## INDICTMENT

Violations: Count 1: 18 U.S.C. §§ 922(g)(1) and 924(a)(2)
Count 2: 26 U.S.C. §§ 5861(d) and 5871

A true bill,

_____
Foreperson

Filed in open court this 10th day

of June, 2020.

_____
Clerk

Bail $

GPO 863 525